(C.D. 3464)

F. B. VANDEGRIFT & Co., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 10, 1968)

*Allerton deC. Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

FORD, Judge: The above case has been submitted on a written stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed DJC by Import Specialist W. P. Kerley on the invoice covered by the above-named protest, which were classified with duty at 13¾% ad valorem (T.D. 52739), under Paragraph 353, Tariff Act of 1930 as modified, consist of melting furnaces imported with, and appraised and classified as entireties with electric motors of more than 1/10 horsepower, the same in all material respects as the merchandise that was the subject of decision in the case of *F. B. Vandegrift & Co., Inc.* v. *United States*, C.D. 2644, wherein it was held that the merchandise should have been severed, so that the ovens could be classified under Paragraph 372 and the motors under Paragraph 353 of said Act, the case being remanded to a single judge.

It is further stipulated and agreed that the record in the case of *F. B. Vandegrift & Co., Inc.* v. *United States*, C.D. 2644, be incorporated in the record in this case, and that the protest be submitted on this stipulation.

Accepting the foregoing stipulation of fact and following the authority cited, *F. B. Vandegrift & Co., Inc.* v. *United States*, 56 Cust. Ct. 325, C.D. 2644, we find and hold that there were no separate appraisements for the accompanying furnaces and motors. Since it has been agreed by and between counsel for the respective parties that the furnaces and motors are separate articles of commerce, the appraisement and liquidation are void.

Accordingly, said protest filed against such void liquidation is premature, and the involved protest is hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the furnaces and motors in the manner provided by law.

Judgment will be entered accordingly.